IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| **Richard Eggers,** individually and on behalf of a putative class of similarly situated individuals, | ) ) ) ) | **Case No.  4:14-cv-394** |
| Plaintiff, | ) ) | |
| v. | ) ) | **Defendant's Answer and Defenses to Plaintiff's Amended Petition and Jury Demand** |
| **Wells Fargo Bank, N.A.,** | ) ) | |
| Defendant. | ) ) | |

For its Answer and Defenses to Plaintiff's Amended Petition and Jury Demand ("*Amended Petition*"), Defendant Wells Fargo Bank, N.A. ("*Wells Fargo*" or "*Defendant*") denies each allegation, claim, and thing set forth in the Amended Petition, except as expressly admitted, qualified, or explained below.

### Introduction

1.      To the extent paragraph 1 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  If paragraph 1 of the Amended Petition otherwise asserts facts alleging unlawful conduct by Wells Fargo, or to the extent further answer is required, Defendant denies the allegations in paragraph 1 of the Amended Petition.  Defendant affirmatively states paragraph 1 of the Amended Petition is improper insofar as it fails to reference Plaintiff, any specific actions by or relating to Wells Fargo, or Plaintiff's claims against Wells Fargo and accordingly paragraph 1 of the Amended Petition should be disregarded.

2.      To the extent paragraph 2 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  If paragraph 2 of the Amended Petition otherwise asserts facts alleging unlawful conduct by Wells Fargo, or to the extent further answer is required, Defendant denies the allegations in paragraph 2 of the Amended Petition.  Defendant affirmatively states paragraph 2 of the Amended Petition is improper insofar as it fails to reference Plaintiff, any specific actions by or relating to Wells Fargo, or Plaintiff's claims against Wells Fargo and accordingly paragraph 2 of the Amended Petition should be disregarded.

3.      To the extent paragraph 3 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, if any, Wells Fargo: (a) admits Plaintiff's lawsuit purports to make claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et. seq.* ("*ADEA*") and the Iowa Civil Rights Act of 1965, Iowa Code Chapter 216 (*"ICRA"*); (b) denies any acts or omissions occurred that would give rise to Plaintiff's claims under the ADEA or ICRA; (c) denies it violated the ADEA or ICRA with respect to any matter asserted in the Amended Petition; and (d) denies any remaining fact allegations in paragraph 3 of the Amended Petition.

4.      To the extent paragraph 4 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, if any, Wells Fargo: (a) admits Plaintiff's lawsuit purports to challenge violations of the ADEA or ICRA; (b) denies that any acts or omissions occurred that would give rise to Plaintiff's claims under the ADEA or ICRA; (c) denies it violated the ADEA or ICRA with respect to the matters asserted in the Amended Petition; and (d) denies any remaining fact allegations in paragraph 4 of the Amended Petition.

5.     Wells Fargo admits that pursuant to Section 19 of the Federal Deposit Insurance Act, 12 U.S.C. § 1829 ("*Section 19*"), and other law, it conducted criminal background screenings on employees and applicants in Iowa and other locations within the United States.  Wells Fargo denies any remaining fact allegations in paragraph 5 of the Amended Petition.

6.     Upon present information and belief, Wells Fargo admits the allegations in paragraph 6 of the Amended Petition.

7.     Wells Fargo admits Plaintiff purports to seek to "represent a putative class of older employees and applicants who were negatively affected by Wells Fargo's use of non-job-related criminal history screenings."  Wells Fargo denies any remaining fact allegations in paragraph 7 of the Amended Petition.  Wells Fargo affirmatively states: (a) this lawsuit is not appropriate for class or collective action treatment and cannot or should not be maintained on behalf of any persons other than Plaintiff; (b) Plaintiff's claims are not similar to the purported claims of the putative class; (c) the putative class is not properly defined nor appropriate; (d) Plaintiff lacks standing to represent job applicants not hired by Defendant and cannot adequately represent them; (e) Plaintiff lacks standing to represent other employees of Defendant and cannot adequately represent them; (f) criminal histories such as Plaintiff's are job related pursuant to Section 19; and (g) no acts or omissions occurred that would give rise to a claim under the ADEA or ICRA.

8.     Wells Fargo admits the allegations in paragraph 8 of the Amended Petition.

9.     Wells Fargo denies the allegations in paragraph 9 of the Amended Petition.

10.    To the extent paragraph 10 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo

admits Plaintiff's lawsuit purports to be a "putative class action" that seeks "declaratory and injunctive relief, monetary and compensatory damages, and other relief."  Wells Fargo denies any remaining fact allegations in paragraph 10 of the Amended Petition.  Wells Fargo affirmatively states that compensatory damages and other remedies Plaintiff seeks in this lawsuit are not authorized, permitted by, or available under the ADEA or ICRA.

### Procedural Requirements

11.     Defendant admits that prior to commencing this lawsuit, Plaintiff filed a charge of discrimination with the Iowa Civil Rights Commission ("*ICRC*") on September 13, 2012, which was cross-filed with the U.S. Equal Employment Opportunity Commission ("*EEOC*"), and that he asserted his discharge arose because of his sex, disability, and age. Defendant denies any remaining fact allegations in paragraph 11 of the Amended Petition.

12.     Defendant admits Plaintiff received a right-to-sue letter from the EEOC that was dated March 19, 2014, and received a right-to-sue letter from the ICRC that was dated September 10, 2014.  Defendant denies any remaining fact allegations in paragraph 12 of the Amended Petition.

### Facts

13.     To the extent paragraph 13 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, if any, Wells Fargo admits that the Federal Deposit Insurance Act (*"FDIA"*) was passed by Congress in 1950 and that Section 19 is a part of the FDIA.

14.     To the extent paragraph 14 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, if any, Wells Fargo admits that Congress passed the FDIA approximately 14 years prior to the Civil Rights

Act of 1964 (*"Title VII"*), and Congress subsequently amended Section 19 of the FDIA in 1989, 1990, 1992, 1994, 2006, and 2010.  Wells Fargo affirmatively states that Plaintiff has not asserted any Title VII claims in this lawsuit.

15.    To the extent paragraph 15 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, if any, Wells Fargo admits that Congress passed the FDIA approximately 15 years prior to when the Iowa General Assembly passed the ICRA, and Congress subsequently amended Section 19 of the FDIA in 1989, 1990, 1992, 1994, 2006, and 2010.  Wells Fargo affirmatively states that Plaintiff is not asserting claims of race discrimination in this lawsuit.

16.    To the extent paragraph 16 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, if any, Wells Fargo admits that Congress passed the FDIA approximately 17 years prior to the ADEA, and Congress subsequently amended Section 19 of the FDIA in 1989, 1990, 1992, 1994, 2006, and 2010.

17.    To the extent paragraph 17 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, if any, Wells Fargo admits that Congress passed the FDIA approximately 41 years prior to the Civil Rights Act of 1991, and Congress subsequently amended Section 19 of the FDIA in 1989, 1990, 1992, 1994, 2006, and 2010.  Wells Fargo affirmatively states that Plaintiff is not asserting claims of race discrimination in this lawsuit.

18.    To the extent paragraph 18 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo admits the FDIA was passed prior to the ADEA and the ICRA, and Congress subsequently

amended Section 19 of the FDIA in 1989, 1990, 1992, 1994, 2006, and 2010.  Wells Fargo

denies any remaining fact allegations in paragraph 18 of the Amended Petition.

19.     To the extent paragraph 19 of the Amended Petition asserts conclusions of

law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo

denies the allegations in paragraph 19 of the Amended Petition.

20.     To the extent paragraph 20 of the Amended Petition asserts conclusions of

law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo

seeks to comply with the state and federal laws applicable to it, including, but not limited to

Section 19, Title VII, the ADEA, and the ICRA.  Wells Fargo denies any remaining fact

allegation in paragraph 20 of the Amended Petition.

21.     To the extent paragraph 21 of the Amended Petition asserts conclusions of

law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo

denies the allegations in paragraph 21 of the Amended Petition.

22.     To the extent paragraph 22 of the Amended Petition asserts conclusions of

law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo

denies the allegations in paragraph 22 of the Amended Petition.

23.     To the extent paragraph 23 of the Amended Petition asserts conclusions of

law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo

denies the allegations in paragraph 23 of the Amended Petition.

24.     To the extent paragraph 24 of the Amended Petition asserts conclusions of

law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo

admits that pursuant to the Section 19 *de minimis* criteria, not all convictions for crimes

involving dishonesty are disqualifying.  Wells Fargo denies any remaining fact allegations in

paragraph 24 of the Amended Petition.

25.      To the extent paragraph 25 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo denies the allegations in paragraph 25 of the Amended Petition.

26.      Wells Fargo admits it hired Plaintiff in 2005, and at that time conducted a criminal background screening regarding Plaintiff.  Wells Fargo further admits that in 2005 Plaintiff knew he possessed a criminal conviction disqualifying him from employment under Section 19.  Wells Fargo denies any remaining allegations in paragraph 26 of the Amended Petition.  Wells Fargo affirmatively states that Plaintiff did not disclose his disqualifying criminal conviction to Wells Fargo and that Wells Fargo was not aware of Plaintiff's disqualifying conviction until 2012, when it conducted a fingerprint-based rescreening of Plaintiff's criminal background history.

27.      To the extent paragraph 27 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Petition, and therefore denies the same.

28.      Wells Fargo denies the allegations in paragraph 28 of the Amended Petition.  Wells Fargo affirmatively states that pursuant to Section 19 Plaintiff was neither eligible nor qualified to work for Defendant.

29.      Wells Fargo admits that during the 2011 through 2012 time period it conducted a criminal background rescreening for employees in its Wells Fargo Home Mortgage division and that Plaintiff was one of the team members whose criminal history information was rescreened.  Wells Fargo denies any remaining fact allegations in paragraph

29 of the Amended Petition.

30.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Petition, and therefore denies the same.

31.     To the extent paragraph 31 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo admits that it did not inform Mr. Eggers of the false characterization of its conduct as stated in paragraph 31 of the Amended Petition.    Wells Fargo denies that it violated "the laws of disparate impact discrimination" and any remaining fact allegations in paragraph 31 of the Amended Petition.

32.     To the extent paragraph 32 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo denies the allegations in paragraph 32 of the Amended Petition.

33.     To the extent paragraph 33 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo denies the allegations in paragraph 33 of the Amended Petition.

34.     To the extent paragraph 34 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, upon present information and belief, Wells Fargo has not sponsored any Section 19 applications.  Wells Fargo denies any remaining allegations in paragraph 34 of the Amended Petition.

35.     To the extent paragraph 35 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, upon present information and belief, Wells Fargo admits it did not suspend team members in lieu of

terminating employment after it learned and confirmed that the team members possessed Section 19 disqualifying convictions.  Wells Fargo denies any remaining fact allegations in paragraph 35 of the Amended Petition.

36.     To the extent paragraph 36 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo admits that Plaintiff received a Section 19 waiver from the Federal Deposit Insurance Corporation (*"FDIC"*) on or about September 26, 2012, and thus, appears to have been qualified to apply for a Section 19 waiver at the time he submitted his waiver application to the FDIC.

37.     To the extent paragraph 37 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, Wells Fargo denies the allegations in paragraph 37 of the Amended Petition.

**Facts Specific to Richard Eggers**

38.     Upon present information and belief, Wells Fargo admits the allegations in paragraph 38 of the Amended Petition.

39.     Upon present information and belief, Wells Fargo admits the allegations in paragraph 39 of the Amended Petition.

40.     Upon present information and belief, Wells Fargo admits the allegations in paragraph 40 of the Amended Petition.  Wells Fargo affirmatively states Plaintiff was convicted of a crime of dishonesty and such crime at the time of his discharge made him ineligible and not qualified under Section 19 and the rules of the FDIC to work for Defendant or any other federally-insured depository institution.

41.     Wells Fargo admits that Plaintiff received a jail sentence for his crime of

dishonesty and served time jail for that crime.  Upon present information and belief, Wells Fargo admits Plaintiff was released early from his sentence.  Wells Fargo denies any remaining fact allegations in paragraph 41 of the Amended Petition.  Wells Fargo affirmatively states that because of this conviction and incarceration, at the time of his discharge Section 19 made Plaintiff ineligible and not qualified under the rules of the FDIC to work for Defendant or any other federally-insured depository institution.

42.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Petition, and therefore denies the same.

43.     Wells Fargo admits the allegations in paragraph 43 of the Amended Petition. Wells Fargo affirmatively states that Plaintiff submitted a job application on April 7, 2005, did not disclose when asked that he had been convicted of a crime involving dishonesty or breach of trust, and further certified that all of his answers on the job application were true and complete.

44.     Wells Fargo admits the allegations in paragraph 44 of the Amended Petition to the extent they set forth some, but not all of the job duties of the position Plaintiff held. Defendant affirmatively states that as a Customer Service Representative, Plaintiff had access to sensitive and confidential customer account information.   Defendant further affirmatively states that as an employee of a federally-insured depository institution Plaintiff was required to be qualified under Section 19, which he was not.

45.     Wells Fargo admits that it communicated to Plaintiff in the early part of 2012 that he would be subject to criminal background rescreening.  Wells Fargo denies any remaining fact allegations in paragraph 45 of the Amended Petition.

46.     Wells Fargo admits it conducted a fingerprint-based criminal background rescreening relating to Plaintiff on May 1, 2012.  Wells Fargo denies any remaining fact allegations in paragraph 46 of the Amended Petition.

47.      Wells Fargo admits Plaintiff received a document entitled "Pre-Adverse Action Notification" on or about May 23, 2012, informing him that a decision was pending regarding his continued employment by Wells Fargo.  Wells Fargo denies the remaining allegations in Paragraph 47 of the Amended Petition.

48.     Wells Fargo admits Plaintiff received a document entitled "Adverse Action Notification" on or about May 30, 2012, informing him that Wells Fargo was unable to consider him for further employment. Wells Fargo denies the remaining allegations in Paragraph 48 of the Amended Petition.

49.     Wells Fargo admits the allegations in paragraph 49 of the Amended Petition.

50.     Wells Fargo admits it advised Plaintiff it was terminating his at-will employment because of his disqualifying conviction under Section 19, which prohibited him from working for it or any other federally-insured depository institution.  Wells Fargo denies any remaining fact allegations in paragraph 50 of the Amended Petition.  Wells Fargo affirmatively states that Plaintiff's background rescreening showed he was disqualified by Section 19.  Wells Fargo also affirmatively states that because of the jail time Plaintiff served in connection with that disqualifying fraud conviction, Plaintiff did not meet the FDIC's then-applicable *de minimis* exception.

51.     To the extent paragraph 51 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  If paragraph 51 of the Amended Petition otherwise asserts facts alleging unlawful conduct by Wells Fargo, or to the extent further answer is

required, Wells Fargo denies any remaining fact allegations in paragraph 51 of the Amended Petition.  Wells Fargo affirmatively states that Section 19 prohibits it from employing persons with known disqualifying convictions, including convictions for crimes of dishonesty, breach of trust or money laundering, regardless of when the conviction occurred and likewise disqualifies persons such as Plaintiff from working for federally-insured depository institutions, including Wells Fargo, without the FDIC's prior consent.

52.     To the extent paragraph 52 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 52 of the Amended Petition.

53.     Defendant admits the allegations in paragraph 53 of the Amended Petition.

54.     Wells Fargo admits it did not tell Plaintiff "that the bank had the option to pursue an FDIC waiver on his behalf prior to his termination while placing him on paid or unpaid suspension."  Wells Fargo denies any remaining fact allegations in paragraph 54 of the Amended Petition.  Wells Fargo affirmatively states that such an option was not permitted by federal law.

55.     Defendant denies the allegations in paragraph 55 of the Amended Petition.  Wells Fargo affirmatively states that:  (a) Plaintiff at no time during his employment was eligible or qualified to work for Defendant; (b) he personally was not able to accept or continue employment for Defendant or any other federally-insured depository institution until he received authorization from the FDIC to do so; and (c) Defendant's continued employment of Plaintiff was barred by Section 19 after Plaintiff's disqualifying conviction became known to Wells Fargo.

56.     Wells Fargo denies the allegations in paragraph 56 of the Amended Petition.

57.     Wells Fargo denies the allegations in paragraph 57 of the Amended Petition. Wells Fargo affirmatively states that Plaintiff at no time during his employment was eligible or qualified to work for Defendant and its continued employment of Plaintiff was barred by Section 19 after Plaintiff's disqualifying conviction became known to Wells Fargo.

58.     To the extent paragraph 58 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 58 of the Amended Petition.  Wells Fargo affirmatively states that Plaintiff at no time during his employment was eligible or qualified to work for Defendant and his or its pursuit of a waiver during his active employment was not permitted.

59.     Wells Fargo denies the allegations in paragraph 59 of the Amended Petition.

60.     To the extent paragraph 60 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 60 of the Amended Petition.

61.     Wells Fargo denies the allegations in paragraph 61 of the Amended Petition.

## Count I
## Violation of the ADEA
## Disparate Impact Discrimination

62.     Defendant re-alleges and by this reference fully incorporates paragraphs 1 through 61 of its Answer as though fully set forth here.

63.     To the extent paragraph 63 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 63 of the Amended Petition.  Wells Fargo affirmatively states that Plaintiff was an at-will employee and not an applicant for employment at the time of his criminal background rescreening in 2012.

13

64.     To the extent paragraph 64 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 64 of the Amended Petition.

65.     To the extent paragraph 65 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 65 of the Amended Petition.  Wells Fargo affirmatively states that Section 19 barred it from knowingly employing persons such as Plaintiff who had a disqualifying conviction, absent advance permission from the FDIC.  Wells Fargo also affirmatively states that persons, such as Plaintiff, were not eligible or qualified to work for Defendant until after the FDIC granted its consent.

66.     To the extent paragraph 66 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 66 of the Amended Petition.  Wells Fargo affirmatively states that its continued employment of Plaintiff was barred by Section 19 after Plaintiff's disqualifying conviction became known to it.

67.     To the extent paragraph 67 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 67 of the Amended Petition.  Wells Fargo affirmatively states that criminal histories such as Plaintiff's are job related pursuant to Section 19.  Wells Fargo further affirmatively states that Section 19 barred it from knowingly employing persons such as Plaintiff who had a disqualifying conviction, absent advance permission from the FDIC and that persons, such as Plaintiff, were not eligible or qualified to work for Defendant until after the FDIC granted its consent.

68.     Wells Fargo denies the allegations in paragraph 68 of the Amended Petition.

69.     Wells Fargo denies the allegations in paragraph 69 of the Amended Petition. Wells Fargo affirmatively states that criminal histories such as Plaintiff's are job related pursuant to Section 19.

70.     To the extent paragraph 70 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 70 of the Amended Petition.

71.     To the extent paragraph 71 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 71 of the Amended Petition.

72.     Wells Fargo admits Plaintiff purports to seek to "represent a putative class of older applicants who were affected by Wells Fargo's use of criminal background screenings."  Wells Fargo denies any remaining fact allegations in paragraph 72 of the Amended Petition.  Wells Fargo affirmatively states:  (a) this lawsuit is not appropriate for class or collective action treatment and cannot or should not be maintained on behalf of any persons other than Plaintiff; (b) Plaintiff's claims are not similar to the purported claims of the putative collective class; (c) the putative collective class is not properly defined nor appropriate; (d) Plaintiff lacks standing to represent job applicants not hired by Defendant and cannot adequately represent them; and (e) no acts or omissions occurred that would give rise to a claim under the ADEA.

73.     Wells Fargo admits it conducts Section 19 criminal history screenings on applicants and employees who work in various locations in the United States.  Wells Fargo denies any remaining fact allegations in paragraph 73 of the Amended Petition.

74.     To the extent paragraph 74 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 47 of the Amended Petition.  Wells Fargo affirmatively states Plaintiff seeks remedies not authorized by statute, remedies to which he is not entitled and remedies not correctly recoverable by this Plaintiff or persons who elect to participate in a collective action under the ADEA.  Wells Fargo further denies that Plaintiff or any persons whom he seeks to represent are entitled to any relief.

75.     To the extent paragraph 75 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 75 of the Amended Petition, including each subpart thereof.  Wells Fargo affirmatively states Plaintiff seeks remedies not authorized by statute, remedies to which he is not entitled and remedies not correctly recoverable by this Plaintiff or persons who elect to participate in a collective action under the ADEA.  Wells Fargo further denies that Plaintiff or any persons whom he seeks to represent are entitled to any relief.

WHEREFORE, Wells Fargo prays for judgment in its favor, for its costs and expenses incurred herein, and for such other relief as this Court deems just and equitable.

**Count II**
**Violation of the ADEA**
**Disparate Treatment Discrimination**

76.     Wells Fargo re-alleges and by this reference fully incorporates paragraphs 1 through 75 of its Answer as though fully set forth here.

77.     To the extent paragraph 77 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 77 of the Amended Petition.

78.   Wells Fargo denies the allegations in paragraph 78 of the Amended Petition.

79.   To the extent paragraph 79 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 79 of the Amended Petition.

80.   To the extent paragraph 80 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 80 of the Amended Petition.

81.   To the extent paragraph 81 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 81 of the Amended Petition.

82.   To the extent paragraph 82 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo admits it discharged Plaintiff because the results of his criminal background screening showed he was disqualified under Section 19 from working for it.  Wells Fargo denies any remaining fact allegations in paragraph 82 of the Amended Petition.

83.   Wells Fargo admits Plaintiff purports to seek to "represent a putative class of older workers affected by Wells Fargo's pattern-or-practice of allowing hiring supervisors to exercise discretion in their use of criminal background screenings in the hiring process." Wells Fargo denies any remaining fact allegations in paragraph 83 of the Amended Petition. Wells Fargo affirmatively states:  (a) this lawsuit is not appropriate for class or collective action treatment and cannot or should not be maintained on behalf of any persons other than Plaintiff; (b) Plaintiff's claims are not similar to the purported claims of the putative collective class; (c) the putative collective class is not properly defined nor appropriate; (d)

17

Plaintiff lacks standing to represent job applicants not hired by Defendant and cannot adequately represent them; (e) Plaintiff lacks standing to represent other employees of Defendant and cannot adequately represent them; and (f) no acts or omissions occurred that would give rise to a claim under the ADEA.

84.     Wells Fargo denies the allegations in paragraph 84 of the Amended Petition.

85.     To the extent paragraph 85 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 85 of the Amended Petition.  Wells Fargo affirmatively states:  (a) this lawsuit is not appropriate for class or collective action treatment and cannot or should not be maintained on behalf of any persons other than Plaintiff; (b) Plaintiff's claims are not similar to the purported claims of the putative collective class; (c) the putative collective class is not properly defined nor appropriate; (d) Plaintiff lacks standing to represent job applicants not hired by Defendant and cannot adequately represent them; (e) Plaintiff lacks standing to represent other employees of Defendant and cannot adequately represent them; and (f) no acts or omissions occurred that would give rise to a claim under the ADEA.

86.     To the extent paragraph 86 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 86 of the Amended Petition.

87.     To the extent paragraph 87 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 87 of the Amended Petition.  Wells Fargo affirmatively states Plaintiff seeks remedies not authorized by statute, remedies to which he is not entitled and remedies not correctly recoverable by this Plaintiff or persons who elect to participate in a collective

action under the ADEA.  Wells Fargo further denies that Plaintiff or any persons whom he seeks to represent are entitled to any relief.

88.     To the extent paragraph 88 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 88 of the Amended Petition, including each subpart thereof.  Wells Fargo affirmatively states Plaintiff seeks remedies not authorized by statute, remedies to which he is not entitled and remedies not correctly recoverable by this Plaintiff or persons who elect to participate in a collective action under the ADEA.  Wells Fargo further denies that Plaintiff or any persons whom he seeks to represent are entitled to any relief.

WHEREFORE, Defendant prays for judgment in its favor, for its costs and expenses incurred herein, and for such other relief as this Court deems just and equitable.

**Count III**
**Violation of the ICRA**
**Disparate Impact Discrimination**

89.     Wells Fargo re-alleges and by this reference fully incorporates paragraphs 1 through 88 of its Answer as though fully set forth here.

90.     To the extent paragraph 90 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 90 of the Amended Petition.  Wells Fargo affirmatively states that Plaintiff was an at-will employee and not an applicant for employment at the time of his criminal background rescreening in 2012.

91.     To the extent paragraph 91 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 91 of the Amended Petition.

92.     To the extent paragraph 92 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 92 of the Amended Petition.  Wells Fargo affirmatively states that Section 19 barred it from knowingly employing persons such as Plaintiff who had a disqualifying conviction, absent advance permission from the FDIC.  Wells Fargo also affirmatively states that persons, such as Plaintiff, were not eligible or qualified to work for Defendant until after the FDIC granted its consent.

93.     To the extent paragraph 93 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 93 of the Amended Petition.  Wells Fargo affirmatively states that its continued employment of Plaintiff was barred by Section 19 after Plaintiff's disqualifying conviction became known to it.  Wells Fargo further affirmatively states that Section 19 barred it from knowingly employing persons such as Plaintiff who had a disqualifying conviction, absent advance permission from the FDIC, which has the sole authority to determine whether a particular person disqualified under Section 19 poses a risk to the safety and soundness of, or impairs public confidence in, an insured depository institution.

94.     To the extent paragraph 94 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 94 of the Amended Petition.  Wells Fargo affirmatively states that its continued employment of Plaintiff was barred by Section 19 after Plaintiff's disqualifying conviction became known to it.

95.     Wells Fargo denies the allegations in paragraph 95 of the Amended Petition.

96.     Wells Fargo denies the allegations in paragraph 96 of the Amended Petition.

Wells Fargo affirmatively states that criminal histories such as Plaintiff's are job related pursuant to Section 19.

97.     To the extent paragraph 97 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 97 of the Amended Petition.

98.     Wells Fargo denies the allegations in paragraph 98 of the Amended Petition.

99.     To the extent paragraph 99 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 99 of the Amended Petition.

100.    To the extent paragraph 100 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 100 of the Amended Petition.

101.    Wells Fargo admits Plaintiff purports to seek to "represent a putative class of older applicants who were affected by Wells Fargo's use of criminal background screenings."  Wells Fargo denies any remaining fact allegations in paragraph 101 of the Amended Petition.  Wells Fargo affirmatively states:  (a) this lawsuit is not appropriate for class or collective action treatment and cannot or should not be maintained on behalf of any persons other than Plaintiff; (b) Plaintiff's claims are not similar to the purported claims of the putative class; (c) the putative class is not properly defined nor appropriate; (d) Plaintiff lacks standing to represent job applicants not hired by Defendant and cannot adequately represent them; and (e) no acts or omissions occurred that would give rise to a claim under the ICRA.

102.    Wells Fargo admits it conducts Section 19 criminal history screenings on

applicants and employees who work in various locations in the United States.  Wells Fargo

denies any remaining fact allegations in paragraph 102 of the Amended Petition.

103.    To the extent paragraph 103 of the Amended Petition asserts conclusions of

law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in

paragraph 103 of the Amended Petition.  Wells Fargo affirmatively states Plaintiff seeks

remedies not authorized by statute, remedies to which he is not entitled and remedies not

correctly recoverable by this Plaintiff or persons who may become members of a class if any

class is certified under the ICRA.  Wells Fargo further denies that Plaintiff or any persons

whom he seeks to represent are entitled to any relief.

104.    To the extent paragraph 104 of the Amended Petition asserts conclusions of

law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in

paragraph 104 of the Amended Petition, including each subpart thereof.  Wells Fargo

affirmatively states Plaintiff seeks remedies not authorized by statute, remedies to which he

is not entitled and remedies not correctly recoverable by this Plaintiff or persons who may

become members of a class if any class is certified under the ICRA.  Wells Fargo further

denies that Plaintiff or any persons whom he seeks to represent are entitled to any relief.

WHEREFORE, Defendant prays for judgment in its favor, for its costs and expenses

incurred herein, and for such other relief as this Court deems just and equitable.

### Count IV
### Violation of the ICRA
### Disparate Treatment Discrimination

105.    Wells Fargo re-alleges and by this reference fully incorporates paragraphs 1

through 104 of its Answer as though fully set forth here.

106.    To the extent paragraph 106 of the Amended Petition asserts conclusions of

law, no answer is necessary or made. Wells Fargo denies any remaining fact allegations in paragraph 106 of the Amended Petition.

107. Wells Fargo denies the allegations in paragraph 107 of the Amended Petition.

108. To the extent paragraph 108 of the Amended Petition asserts conclusions of law, no answer is necessary or made. Wells Fargo denies any remaining fact allegations in paragraph 108 of the Amended Petition.

109. To the extent paragraph 109 of the Amended Petition asserts conclusions of law, no answer is necessary or made. Wells Fargo denies any remaining fact allegations in paragraph 109 of the Amended Petition.

110. To the extent paragraph 110 of the Amended Petition asserts conclusions of law, no answer is necessary or made. Wells Fargo denies any remaining fact allegations in paragraph 110 of the Amended Petition.

111. To the extent paragraph 111 of the Amended Petition asserts conclusions of law, no answer is necessary or made. Wells Fargo admits it discharged Plaintiff because the results of his criminal background screening showed he was disqualified under Section 19 from working for it. Wells Fargo denies any remaining fact allegations in paragraph 111 of the Amended Petition.

112. Wells Fargo admits Plaintiff purports to seek to "represent a putative class of older workers affected by Wells Fargo's pattern-or-practice of allowing hiring supervisors to exercise discretion in their use of criminal background screenings in the hiring process." Wells Fargo denies any remaining fact allegations in paragraph 112 of the Amended Petition. Wells Fargo affirmatively states: (a) this lawsuit is not appropriate for class or collective action treatment and cannot or should not be maintained on behalf of any persons other than

Plaintiff; (b) Plaintiff's claims are not similar to the purported claims of the putative class; (c) the putative class is not properly defined nor appropriate; (d) Plaintiff lacks standing to represent job applicants not hired by Defendant and cannot adequately represent them; (e) Plaintiff lacks standing to represent other employees of Defendant and cannot adequately represent them; and (f) no acts or omissions occurred that would give rise to a claim under the ICRA.

113.    Wells Fargo denies the allegations in paragraph 113 of the Amended Petition.

114.    To the extent paragraph 114 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 114 of the Amended Petition.  Wells Fargo affirmatively states:  (a) this lawsuit is not appropriate for class or collective action treatment and cannot or should not be maintained on behalf of any persons other than Plaintiff; (b) Plaintiff's claims are not similar to the purported claims of the putative class; (c) the putative class is not properly defined nor appropriate; (d) Plaintiff lacks standing to represent job applicants not hired by Defendant and cannot adequately represent them; (e) Plaintiff lacks standing to represent other employees of Defendant and cannot adequately represent them; and (f) no acts or omissions occurred that would give rise to a claim under the ICRA.

115.    To the extent paragraph 115 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 115 of the Amended Petition.

116.    To the extent paragraph 116 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 116 of the Amended Petition.  Wells Fargo affirmatively states Plaintiff seeks

remedies not authorized by statute, remedies to which he is not entitled and remedies not correctly recoverable by this Plaintiff or persons who may become members of a class if any class is certified under the ICRA.   Wells Fargo further denies that Plaintiff or any persons whom he seeks to represent are entitled to any relief.

117.    To the extent paragraph 117 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  Wells Fargo denies any remaining fact allegations in paragraph 117 of the Amended Petition, including each subpart thereof.  Wells Fargo affirmatively states Plaintiff seeks remedies not authorized by statute, remedies to which he is not entitled and remedies not correctly recoverable by this Plaintiff or persons who may become members of a class if any class is certified under the ICRA.  Wells Fargo further denies that Plaintiff or any persons whom he seeks to represent are entitled to any relief.

WHEREFORE, Defendant prays for judgment in its favor, for its costs and expenses incurred herein, and for such other relief as this Court deems just and equitable.

## Jury Demand

Defendant admits Plaintiff requests trial by jury.  Whether Plaintiff is entitled to a jury trial is a legal question to which no response is required.  To the extent further answer is necessary, Defendant specifically objects to a jury determination of any equitable issues in this action and any issue, damage (such as front pay), or remedy for which a jury trial is not available by statute or law.  Defendant affirmatively states that the ADEA does not provide for compensatory damages and the jury demand in that regard should be stricken.

**Defenses**

For its defenses to Plaintiff's Amended Petition, Defendant states and alleges as follows:

A.      Defendant re-alleges and by this reference fully incorporates paragraphs 1 through 117 of its Answer as though fully set forth here.

B.      Plaintiff's Amended Petition fails, in whole or in part, to state a claim against Defendant upon which relief can be granted.

C.      Plaintiff and each person he seeks to represent was not a qualified person who lawfully could work for or be employed at or by Wells Fargo at any time relevant to the allegations of the Amended Petition.

D.      Plaintiff did not lose his job at Wells Fargo because of his age and the potential members of the putative class Plaintiff purports to represent did not lose their jobs at or fail to be hired by Wells Fargo because of their age.

E.      The Amended Petition fails to state a cognizable class under any applicable rule or law governing the maintenance of class or collective actions.

F.      There is a lack of commonality among the potential members of the putative class Plaintiff purports to represent, among other reasons because the particular facts relating to the individualized criminal history of each employee or applicant and whether the employee or applicant obtained consent from the FDIC prior to applying or beginning work dictates whether that person was qualified under Section 19 to work for a federally-insured depository institution.

G.      The potential members of the putative class Plaintiff purports to represent cannot proceed collectively under 29 U.S.C. § 216(b) because they are not similarly situated.

H.      The potential members of the putative class Plaintiff purports to represent cannot proceed as a class under Rule 23 of the Federal Rules of Civil Procedure because they are not similarly situated.

I.      Plaintiff lacks standing to raise claims on behalf of job applicants.

J.      Plaintiff and his counsel are not proper representatives of the putative class Plaintiff purports to represent.

K.      Plaintiff cannot show that age was the proximate cause of any alleged adverse employment action and, in light of the application of Section 19, age was not the but-for factor in Wells Fargo's decision:  (a) to terminate Plaintiff's at-will employment; (b) to terminate the at-will employment of any person he purports to represent; or (c) not to hire any person he purports to represent.

L.      Plaintiff cannot show that age was the proximate cause of any alleged adverse employment action and, in light of the application of Section 19, age was not the motivating factor in Wells Fargo's decision:  (a) to terminate Plaintiff's at-will employment; (b) to terminate the at-will employment of any person he purports to represent; or (c) not to hire any person he purports to represent.

M.      With respect to Plaintiff or any potential members of the putative class he purports to represent, Wells Fargo acted in good faith, with proper motive, with reasonable grounds to believe it was not in violation of applicable law, and based upon an honestly-held belief as to applicable facts and law.

N.      Defendant did not act with the requisite willfulness, recklessness, or intent to violate the ADEA and any claim by Plaintiff on his own behalf or on the behalf of others for exemplary or liquidated damages is barred.

O.    Plaintiff's requested relief and asserted damages are preempted, limited, or restricted in whole or in part by statute and applicable law.

P.    To the extent Plaintiff or any potential members of the putative class he purports to represent failed to mitigate their damages, if any, they are barred from recovery of damages, or any award of damages to them must be proportionately diminished.

Q.    Plaintiff and any potential members of the putative class he purports to represent were at-will employees whose employment could be terminated at any time with or without cause.

R.    Defendant would have made the same decisions and taken the same actions absent any alleged consideration of any impermissible, motivating factor.

S.    Plaintiff's claims for damages or other relief are barred because they are beyond the scope of any administrative charge or the ICRC or EEOC investigation thereof, were not subject to administrative or investigation processes, and/or were not included in any investigation and/or determination by the ICRC or EEOC.

T.    Subject to a reasonable opportunity for discovery, the claims and damages asserted in Plaintiff's Amended Petition are barred, in whole or in part, by the after-acquired evidence doctrine.

U.    Plaintiff's conduct and omissions, or those of any potential members of the putative class Plaintiff purports to represent, caused their damages, if any.

V.    Defendant's standards, criteria, and policies are job-related and consistent with business necessity.

W.    No valid scientific evidence that the alleged damages, claims, or complaints of Plaintiff and the potential members of the putative class he purports to represent were caused

by a facially-neutral employment policy or practice of Wells Fargo that adversely and disparately impacted qualified applicants or workers because of their age exists or meets the criteria for admission under the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Dukes v. Wal Mart, Inc.*, 564 U.S. 277 (2011), and Plaintiff's disparate impact claim therefore fails on the pleadings.

X.    Plaintiff has not sufficiently alleged, nor can he establish that a specific employment practice of Defendant has had a statistically adverse impact on, or resulted in discriminatory treatment of individuals of a certain age.

Y.    Insofar as any employment policy or procedure utilized by Defendant has had a statistically adverse impact on, or resulted in discriminatory treatment of individuals of a certain age, if at all, such policies or practices nevertheless are lawful because they are based on reasonable factors other than age.

Z.    Plaintiff and the potential members of the putative class he purports to represent state no basis for and are not entitled to recover punitive or liquidated damages against Defendant, and in any case, the award of any such punitive or liquidated damages amount would violate Defendant's federal constitutional rights.

AA.    Defendant gives notice that it intends to rely upon any such other defenses as may become apparent or available during discovery proceedings in this case and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Defendant prays that Plaintiff takes nothing and that this Court (i) enter judgment in favor of Defendant and (ii) grant Defendant such other relief as this Court deems just and equitable.

29

Dated:  September 25, 2015.          **FAEGRE BAKER DANIELS LLP**

/s/ Michael A. Giudicessi
Michael A. Giudicessi, *Lead Counsel*
  michael.giudicessi@faegrebd.com
Britt L. Teply
  britt.teply@faegrebd.com
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**ATTORNEYS FOR DEFENDANT
WELLS FARGO BANK, N.A.**

## Certificate of Service

The undersigned hereby certifies that a true copy of the foregoing **Defendant's Answer and Defenses to Plaintiff's Amended Petition and Jury Demand** was served upon the Plaintiff through the Court's CM/ECF filing system on the 25th day of September, 2015.

/s/ Trisha Richey

Copy to:

Thomas A. Newkirk
  tnewkirk@newkirklaw.com
Leonard E. Bates
  lbates@newkirklaw.com

*Attorneys for Plaintiff*

US.100565038.04