IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

CHARLENE EGGERS, Executor
of the Estate of Richard Eggers,

                Plaintiff,                          No. 4-14-cv-394-CRW-SBJ

v.

WELLS FARGO BANK, N.A.,

                Defendant.
* * * * * * * * * * * * * * * * *

CARA WILLIAMS, JOHNITA
SLAUGHTER, MANDRE
MILLER, JAMES COLLIER,
TERESA JONES, CHANCE                             No. 4-15-cv-038-CRW-SBJ
KENYON, ANTHONY
WILLIAMS, DEWANN JONES,
LEROY FIELDS-CAMPBELL, and
BARBARA HANSEN,
individually and on behalf of a putative
class of similarly situated individuals,

                Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

                Defendant.
* * * * * * * * * * * * * * * * *
MANDRE MILLER, JOHNITA
SLAUGHTER, JAMES COLLIER, TERESA
JONES, CHANCE KENYON, ANTHONY
WILLIAMS, CARA WILLIAMS, and
DWANN JONES, individually and on behalf of
a putative class of similarly situated individuals,

                Plaintiffs,                      No. 4-15-cv-181-CRW-SBJ

v.

WELLS FARGO BANK, N.A.,

                Defendant.

## ORDER DISMISSING LAWSUITS

The named plaintiffs in these three captioned lawsuits all seek damages and other relief from defendant Wells Fargo Bank, N.A. (WF). The plaintiffs are terminated former WF employees or not-hired applicants who have alleged that WF unlawfully discriminated against them by uniformly applying FDIC section 19 (below quoted) because they had committed the specified crimes of dishonesty, breach of trust, or money laundering.

In all three cases, plaintiffs propose to represent classes that number about 1,500 former employees or not-hired applicants.[1]

WF asserts a common defense to all these age and racial discrimination claims that are based both on allegations of disparate impact and disparate treatment. WF relies primarily and uniformly on 12 U.S.C. section 1829 (a), a federal statute enforced by the Federal Deposit Insurance Corporation (FDIC ) that provides:

1) Except with the prior written consent of the [FDIC]

> (A) any person who has been convicted of any criminal offense involving dishonesty or a breach of trust or money laundering, or has agreed to enter into a pretrial diversion or similar program in connection with a prosecution for such offense, may not
> > (i) become, or continue as, an institution-affiliated party with respect to any insured depository institution;
>
> [or]
> > (iii) otherwise participate, directly or indirectly, in the conduct of the affairs of any insured depository institution; and
>
> (B) any insured depository institution may not permit any person referred to in subparagraph (A) to engage in any conduct or continue any relationship prohibited under such subparagraph.

---

[1] Their motions for class certification are scheduled for an in-court hearing on November 4, 2016. Because the court now dismisses all three lawsuits for reasons here explained, the issue of class certification is moot. The hearing is canceled.

Oral arguments were held on September 29, 2016 on the motions for summary judgment filed in <u>Williams</u> and <u>Eggers</u> and the motion to dismiss filed in Miller. Extended discovery preceded and followed the filing of the motions. Plaintiffs have amended their <u>Williams</u> complaint five times, seemingly unsure of their theories, whom they represent, and whom they wish to sue.

Now finally fully informed, the court concludes plaintiffs have no viable theories for recovery, nor have they disclosed or discovered facts supporting their pleaded claims of age and racial discrimination.[2] The court grants the WF motion for summary judgment, dismissing this lawsuit and canceling the hearing on class certification scheduled for November 4, 2016.

<u>Cara Williams, et al. v. Wells Fargo, N.A. (4-15-cv-181).</u> The <u>Williams</u> plaintiffs are ten WF employees who contend they were discharged or not employed because WF engaged in unlawful race discrimination, either intentional disparate treatment or based on disparate impact. But since the inception of the three lawsuits making those or similar claims, counsel for the plaintiffs have found no valid response to the WF reliance on Section 19 and its own public policy to adhere to federal law governing banks.

Fundamentally, all of the plaintiffs have been convicted of disqualifying crimes of dishonesty and therefore were lawfully not hired, or were terminated when WF learned of each disqualification. They cannot therefore establish a <u>prima facie</u> race discrimination case under Title VII. <u>See</u> <u>EEOC v. Con-Way Freight, Inc.</u>, 622 F.3d 933, 938 (8th Cir. 2010).

The WF decisions to terminate or not hire the plaintiffs as employees was not

---

[2] Poet Stephen Dunning wrote that some haystacks don't even have any needle. The piles of filed papers and years of work are the haystack, a valid theory for recovery is the unfound needle.

caused by any racial motive or impact; it was the lawful WF sound business decision to comply with Section 19. And of course the true cause was each employee's criminal conviction, and the disqualification was a collateral consequence of that conviction. Section 19 is unambiguous in requiring no notice to the disqualified employee. See FDIC v. Mallen, 661 F. Supp. 1003 (N.D. Iowa 1987).

Naturally, any bank or other financial institution wisely would prefer for its customers to be served by employees who were not preciously persons convicted of crimes of dishonesty. When WF learned of the convictions, its sound business decision was to terminate regardless of race or age or ethnicity.

To circumvent WF's choice to terminate or not further employ persons convicted of crimes of dishonesty, the plaintiffs have added several theories: (1) WF should have given notice or helped the plaintiffs seek and obtain exemptions from the FDIC; (2) WF should not have required the plaintiffs to be fingerprinted and rescreened; (3) and WF should itself have applied to the FDIC to obtain exemptions from the Section 19 collateral consequence of the employees' convictions. But nothing in the law or in this summary judgment record even hints at a racially discriminatory purpose in how WF undertook to comply with Section 19. In essence, the employee terminations for Black, White, Hispanic, part-time, and full- time employees were brought about solely by each employee's conviction of a crime of dishonesty, a collateral consequence of the employee's own behavior and Section 19. It is noteworthy that if WF had been acting in a racially biased manner, it would not have employed many ethnically different, Black, or Hispanic employees before its rescreening began several years ago. And before 1998, the FDIC provided no waiver route to previously convicted employees who might

4

apply. Plaintiffs were employed originally by a different WF entity, created by a merger in 1998 of Norwest and a different SF entity that adopted the "Wells Fargo Bank, N.A" name. These facts are well established without dispute in this summary judgment record. See Docket #63-2. And these three cases are civil, not criminal cases. No advance notice of termination due to collateral criminal consequences was required of WF.

In this Williams case, the plaintiffs have not created in this summary judgment record a triable issue for a jury, or for a class of plaintiffs, in fact or law. Cf. Makky v. Chertoff, 541 F. 3d 205 (3rd Cir. 2008)( lack of security clearance disqualified TSA employee regardless of Title VII claim).

Charlene Eggers, Executor v. Wells Fargo, N.A. (4-14-cv-394). The Eggers case turns on whether Section 19 overrides federal and Iowa age discrimination law and justified WF's termination of Charlene's deceased husband Richard Eggers. Again, the full summary judgment record in Williams is informative. There is no need for a jury trial or class certification ruling.

Wells Fargo is entitled to summary judgment here, as in Williams; plaintiffs have neither cited legal authorities nor discovered evidence supporting their age discrimination claims, whether characterized as intentional discrimination or disparate impact results.

Mandre Miller, et al. v. Wells Fargo, N.A., (4-15-cv-181). The Miller named plaintiffs have the same record; all of the Miller plaintiffs are among the ten named plaintiffs in Williams. These plaintiffs rely primarily on Iowa civil rights law and theories for recovering damages and other relief.

WF again contends Section 19 provides it a rational non-racially related basis for

not employing the named plaintiffs and members of the putative class. For the same reasons set forth above in the Williams case discussion, the Miller plaintiffs were disqualified by reason of Section 19 and that federal FDIC law prevails over Iowa statutes.

   Summary. The court grants Wells Fargo, N.A. summary judgment against the many plaintiffs in the Williams (Docket # 63) and Eggers (Docket # 86) cases and dismisses, without costs assessed, those plaintiffs and lawsuits.

   The court grants the motion to dismiss (Docket # 49) filed by Wells Fargo, N.A. in the Miller case, without costs assessed.

   IT IS SO ORDERED.

   Dated this 26th day of October, 2016.

*[signature]*
CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT